# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

TISH HEACOCK                                                                        PLAINTIFF

V.                                            NO. 3:09CV-00358-JDM

THE PNC BANK CORP. AND AFFILIATES
LONG TERM DISABILITY PLAN                                DEFENDANT

## **MEMORANDUM OPINION**

The PNC Bank Corp. and Affiliates Long Term Disability Plan (the "Plan") has filed a motion for a protective order, in which it asks the court to bar the plaintiff, Tish Heacock, from conducting additional discovery. Having considered the motion, all responses and replies thereto, pertinent case law, and being otherwise sufficiently advised, the court will grant the motion for the reasons stated below.

**I.**

Ms. Heacock is suing the Plan under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 (2007), for the alleged wrongful denial of benefits due her. Ms. Heacock specifically alleges that the Plan did not provide her with a full and fair review of her claims as ERISA requires.

As part of the initial round of discovery in this matter, the Plan served Ms. Heacock with what it asserts is the complete administrative record of her underlying claims. Ms. Heacock is of the opinion, however, that the record may not be complete and that it contains only documents favorable to the Plan's position. Accordingly, in her scheduling report submitted to the court (docket no. 11), Ms. Heacock stated that she wished to conduct "limited" discovery regarding:

> bias and conflicts of interest, whether Defendant has properly submitted a complete claims file, the appropriate standard of review, Defendant's administrative procedures for making benefit determinations, Defendant's affirmative defenses, Defendant's prior interpretation and application of the relevant plan language, and Defendant's failure to provide Plaintiff with a full and fair review.

The Plan categorically denies any omission of items from the administrative record, and objects to discovery of matters outside of that record.

The court must now decide whether and, if so, to what extent additional discovery is warranted.

## II.

It has long been the rule that a district court generally should base its review of an ERISA-based claim of an alleged denial of benefits solely on the administrative record. *See Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998). This is so, because ERISA was enacted, in part, to provide "a method for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously." *Perry v. Simplicity Engineering,* 900 F.2d 963, 967 (6th Cir. 2000), and any routine consideration of evidence outside that presented to plan administrators would undermine Congress's intent. *Id.* Nevertheless, a limited foray into evidence outside the administrative record occasionally may be considered, if the evidence will be proffered in support of a procedural challenge to the plan administrator's decision, such as an allegation of bias or a lack of due process. *Wilkins*, 150 F.3d at 619.

Following the *Wilkins* decision, courts within the Sixth Circuit differed somewhat in their opinions of what appropriately triggered the limited exception to the general rule, but all have required more than a mere allegation of procedural irregularities by the plaintiff, and have

limited any discovery to the procedural challenges. *See, e.g., Wilkins*, 150 F.3d at 619; *Moore v. LaFayette Life Ins. Co.*, 458 F.3d 416, 431 (6th Cir. 2006)("[U]ntil a due process violation is at least colorably established, additional discovery beyond the administrative record into a plaintiff's denial of benefits claim is impermissible."); *Crider v. Life Ins. Co. of North America*, No. 3:07-cv-00331, 2008 WL 239659, at *4 (W.D. Ky. Jan. 29, 2008)(a "request for discovery must, at the very least, be premised upon evidence within the administrative record, which raises substantial questions of fairness").

Recently, however, the United States Supreme Court issued its decision in *Metropolitan Life Ins. Co. v. Glenn,* 128 S. Ct. 2343 (2008), in which it decided that an inherent conflict of interest exists when an entity that administers an ERISA plan "both determines whether an employee is eligible for benefits and pays those benefits out of its own pocket." *Id.* at 2346. Accordingly, since *Glenn*, limited discovery beyond the administrative record would be appropriate to assist the court in determining whether a *per se* conflict of interest gave rise to an actual abuse of discretion.

What then of a case such as this one? In this matter, no *per se* conflict is present – the Plan administrator determines eligibility for benefits, but any benefits paid are paid from a trust that was separately created and is funded by regular, actuarially-determined payments made by the PNC Financial Services Group, Inc. ("PNC"). There exists no evidence that either the Plan administrator or PNC receive any financial benefit if claims are denied.

Ms. Heacock asserts that PNC does have a financial stake in whether benefits are paid or denied, because the actuarial determinations of the annual contributions are necessarily determined by the amount of benefits paid. Theoretically, this may be true, but PNC does not

determine whether benefits are paid (that task has been assigned to the Plan administrator) and, thus, without more (*e.g.*, support from the documents defining the Plan administrator's role), Ms. Heacock's allegation does not bring this matter within the ambit of *Glenn*. Accordingly, the pre-*Glenn* rules still apply, and Ms. Heacock has not provided the court with any facts or other evidence pertaining to the accuracy or completeness of the administrative record that would warrant opening the doors of discovery beyond it. *See Moore*, 458 F.3d at 451.

### III.

For the reasons stated herein, the court will grant the Plan's request for a protective order, and will issue an order consistent with this memorandum opinion.

DATE: December 22, 2009

**James D. Moyer**
**United States Magistrate Judge**

cc: counsel of record